CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 0 4 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS WAYNE ENTSMINGER, #323330,<br>Petitioner, | Civil Action No. 7:04cv00750 |
| v. | **MEMORANDUM OPINION** |
| VIRGINIA DEPARTMENT OF CORRECTIONS,<br>Respondent. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

Petitioner Travis Wayne Entsminger, #323330, a Virginia inmate, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. Entsminger challenges the tabulation of his sentence. The respondent filed a motion for summary judgment contending that Entsminger's petition is without merit. The court notified Entsminger of the respondent's response and motion for summary judgment, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment may be granted for the respondent if he did not respond to the motion. Entsminger then filed a response to the respondent's motion for summary judgment. Thereafter, respondent filed a reply to Entsminger's response. Entsminger then filed a reply to the respondent's reply. Thus, the underlying petition and the motion for summary judgment are now ripe for consideration.

Entsminger has raised his current claims in a petition to the Supreme Court of Virginia. That court found that his claims were without merit and dismissed the petition. After a through review of the record, I too find that Entsminger's petition is without merit and will grant respondent's motion for summary judgment.

Petitioner claims that the respondent has improperly imposed the Circuit Court's sentence by forcing him to endure one year in the Diversion Center Incarceration Program. To the extent that Entsminger is attempting to challenge the judgment of the Supreme Court of Virginia on this issue, his claim must fail. Since Entsminger filed his petition for a federal writ of habeas corpus after the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted on April 24, 1996, the amendments to 28 U.S.C. § 2254 effected by section 104 of the AEDPA apply. See Mueller v. Angelone, 181 F.3d 557, 565-69 (4th Cir.), cert. denied, 527 U.S. 1065 (1999); Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under the applicable law of the AEDPA, a federal court may only grant habeas relief with respect to a claim that the state court adjudicated on its merits if the state's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). Courts consider a state court adjudication "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). If a state court identifies the governing legal principle, but "unreasonably applies that principle to the facts of the prisoner's case," the federal habeas court must consider the decision an unreasonable application of clearly established federal law. Id. at 413. Where a federal habeas court determines that the state court applied federal law incorrectly, it may not grant relief unless it also finds that the incorrect application is unreasonable. Id. at 411.

Entsminger asserts that the respondent has imposed an additional sentence of one year. However, the Supreme Court of Virginia determined that his claim was without merit and dismissed his habeas petition. After carefully reviewing Entsminger's claim, I find that the record adequately supports the finding that his claim is without merit and Entsminger is only being required to serve the sentence issued by the Circuit Court of Roanoke County.

On May 10, 2002 Entsminger was sentenced by the Circuit Court of Roanoke County to serve ten years, six years of which were suspended.[1] Of the remaining four years, three were to be served in prison and one year was to be served in the Detention Center Incarceration Program. After that one year, petitioner was to be transferred to the Diversion Center Incarceration Program where he was to be under intensive supervision for an additional year. Thereafter, petitioner was to continue on regular probation for two more years. On October 29, 2002 Entsminger was sentenced to serve five years, with three years and six months suspended on a subsequent conviction in the Circuit Court of Roanoke County.[2] On July 24, 2003 Entsminger was sentenced pursuant to a third conviction in the Circuit Court of Roanoke County to serve five years of which three years were suspended.[3] Thereafter, on August 27, 2003, the Circuit Court of Roanoke County entered a modification order as to the May 10, 2002 sentence and the July 24, 2003 sentence. As to the active four year sentence imposed on May 10, 2002, two additional years were suspended; however, no mention was made of any suspension of the terms of petitioner's transfer to the Detention Center Incarceration Program or to the later transfer to the Diversion Center Incarceration program. As to

---

[1] See criminal case number 01-000934.

[2] See criminal case number 02-001122.

[3] See criminal case number 02-000654

3

the active two year sentence imposed on July 24, 2003, an additional year was suspended. Accordingly, as all petitioner's sentences were to run consecutively, petitioner was cumulatively sentenced to serve three years and six months in prison, one year in the Detention Center Incarceration Program, and one year in the Diversion Center Incarceration Program under intensive supervision.

Petitioner does not challenge the imposition of the three year and six month sentence. Rather, he claims that the remaining two years to be served in the Detention and Diversion Center Programs exceeds the sentence imposed by the Circuit Court. Even assuming that Entsminger is correct in his claim that the May 10, 2002 order suspended all but three years of his sentence, the modification order thereafter suspended only an additional two years of that sentence and did not mention any modification to the two additional years to be served in the Detention and Diversion Center programs. Accordingly, on that conviction, subsequent to the modification order, petitioner was still required to serve one year in prison, one year in the Detention Center Incarceration Program, and an additional one year of intensive supervision in the Diversion Center Incarceration Program. Petitioner admits that he is now serving the one year of Detention Center Incarceration. Thereafter, he must still serve one year in the Diversion Center Incarceration Program following his release/transfer from the Detention Center Incarceration Program. Accordingly, his claim that respondent's are imposing an additional sentence by requiring him to serve that year in the Diversion Center is without merit.

As such, I find that the Supreme Court of Virginia's decision was reasonable and that there are no grounds for this court to disturb the judgment of the state court. Therefore, I will grant respondent's motion for summary judgment and Entsminger's § 2254 petition will be dismissed.

4

Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent, if known.

ENTER: This 4th day of August, 2005.

*/s/ Jackson L. Kiser*
Senior U.S. District Judge